UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAMPTON BAYS WATER DISTRICT,<br><br>       Plaintiff,<br><br>v.<br><br>THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co., BUCKEYE FIRE EQUIPMENT COMPANY, CHEMGUARD INC., TYCO FIRE PRODUCTS L.P., and NATIONAL FOAM, INC.,<br><br>       Defendants. | Civ. No. _____ |

## NOTICE OF REMOVAL

Defendant Tyco Fire Products, LP ("Tyco"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York. The grounds for removal are as follows:

1. Plaintiff commenced this action by filing a Verified Complaint for Compensatory Damages Only (the "Initial Complaint" or "Initial Compl.") on February 21, 2018 in the Supreme Court of the State of New York, County of Suffolk. A true and correct copy of the Initial Complaint is attached hereto as Exhibit A. Without serving the Initial Complaint, Plaintiff filed a Verified Amended Complaint For Compensatory Damages Only (the "Complaint" or "Compl.") on February 26, 2018. The case was docketed with Index Number 603477/2018.

2. Plaintiff served copies of the Complaint and summons on Tyco on March 5, 2018. A true and correct copy of the Complaint and summons is attached hereto as Exhibit B.

3. No other process, pleadings, or orders have been served upon Tyco.

4. All other Defendants consent to removal of this case to federal court, as reflected in the executed consent forms attached hereto as Exhibits C-F.

5. Thus, in accordance with 28 U.S.C. § 1446(b)(2)(A), all Defendants join in or consent to the removal of this action.

6. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the Complaint and summons. Accordingly, removal is timely.

7. The time for Tyco to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

8. Concurrent with the filing of this Notice, Tyco is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Supreme Court of the State of New York, County of Suffolk.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 112(c) and 1441(a), because the United States District Court for the Eastern District of New York is the federal judicial district and division embracing the Supreme Court of the State of New York, County of Suffolk, where this action was originally filed.

10. By filing a Notice of Removal in this matter, Tyco does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Tyco specifically reserves the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

11. Moreover, Tyco reserves the right to amend or supplement this Notice of Removal.

12. If any question arises as to the propriety of the removal of this action, Tyco requests the opportunity to present a brief and requests oral argument in support of removal.

13. As shown below, this case is removable to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. *Am. Safety Cas. Ins. Co. v. 385 Onderdonk Ave., LLC*, 124 F. Supp. 3d 237, 241 (E.D.N.Y. 2015).

15. The Complaint alleges that Plaintiff is "an improvement district in the Town of Southampton, New York" whose "mission is to pump, treat, store and distribute potable water for commercial and domestic use and fire protection to businesses, schools, municipal agencies, apartment complexes and private homes in the community." (Compl. ¶ 31.) On information and belief, Plaintiff is subject to the authority of the town board of Southampton, New York, and Plaintiff is a citizen of New York for purposes of diversity. *Cf. Schiavone Constr. Co. v. City of New York*, 99 F.3d 546, 548 (2d Cir. 1996) ("The City of New York is, not surprisingly, a citizen of the State of New York.") (citing *Moor v. Cnty. of Alameda*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes.") (footnote, internal quotation marks and emphasis omitted)).

16. Defendant Tyco is not a citizen of New York State. Rather, Tyco is a limited partnership formed in the state of Delaware. As a limited partnership, Tyco has the citizenship "of each of its general and limited partners." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000). Tyco's partners are Central Sprinkler LLC and Fire Products GP Holding LLC. These limited liability companies "ha[ve] the citizenship of [their] membership," *id.*, which is as follows:

  a. Fire Products GP Holding, LLC is wholly owned by its single member, Central Sprinkler LLC.

  b. Central Sprinkler LLC is wholly owned by its single member, Tyco International Management Company, LLC.

  c. Tyco International Management Company, LLC is wholly owned by its single member, Tyco Fire & Security US Holdings LLC.

  d. Tyco Fire & Security US Holdings LLC is wholly owned by its single member, Tyco Fire & Security (US) Management, Inc. A corporation's citizenship is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. §1332(c)(1). Tyco Fire & Security (US) Management, Inc. is incorporated in Nevada, and its principal place of business is in New Jersey.

Accordingly, Tyco is a citizen of Nevada and New Jersey.

  17. The Complaint incorrectly alleges that Defendant Chemguard, Inc. ("Chemguard") is a Wisconsin corporation with its principal place of business in Marinette, Wisconsin. (Compl. ¶ 38.) Chemguard is a Texas corporation with its principal place of business in Texas. (*See* Ex. C.) Thus, Chemguard is a citizen of Texas.

  18. The Complaint incorrectly alleges that Defendant Buckeye Fire Equipment Company ("Buckeye Fire") is a North Carolina corporation with its principal place of business in Kings Mountain, North Carolina. (Compl. ¶ 39.) In fact, Defendant Buckeye is an Ohio corporation with its principal place of business in Kings Mountain, North Carolina. (*See* Ex. D.) Thus, on information and belief, Buckeye Fire is a citizen of North Carolina and Ohio.

  19. The Complaint alleges that Defendant National Foam, Inc. is a Delaware corporation with its principal place of business in West Chester, Pennsylvania. (Compl. ¶ 40.)

In fact, National Foam is a Delaware corporation with its principal place of business in North Carolina. (Ex. E.)  Thus, on information and belief, National Foam is a citizen of Delaware and North Carolina.

20. The Complaint alleges that Defendant 3M is incorporated in the State of Delaware and has its principal place of business in St. Paul, Minnesota.  (Compl. ¶ 36; *see also* Ex. F.) Thus, on information and belief, 3M is a citizen of Delaware and Minnesota.

21. Because Plaintiff is a citizen of New York and Defendants Tyco, Buckeye Fire, National Foam, 3M, and Chemguard are not citizens of New York, complete diversity among the parties exists in this action.

## AMOUNT IN CONTROVERSY

22. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.  As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy").  Where the complaint does not specify a precise dollar amount sought, the Court may determine whether the amount-in-controversy requirement is satisfied based on a "fair reading" of the complaint. *Zido v. Werner Enters., Inc.*, 498 F. Supp. 2d 512, 514 (N.D.N.Y. 2006).  While Tyco denies that Plaintiff is entitled to any monetary or other relief, the amount in controversy here is plainly in excess of the jurisdictional minimum.

23. In this action Plaintiff is seeking "to recover substantial past and future damages for the treatment and removal of the contamination of three (3) of its public drinking water supply wells by treating the water in those wells to eliminate contamination" allegedly "caused and/or created by Defendants' products, and to protect the public health, safety, welfare, and the environment." (Compl. ¶ 4.) More specifically, Plaintiff alleges that "Defendants manufactured, marketed, and sold aqueous film-forming foam ('AFFF'), a firefighting product used to control and extinguish aviation, marine, fuel, and other flammable liquid fires," *id.* ¶ 5; that "Defendants' AFFF contained perfluorooctanoic acid ('PFOA'), and/or perfluorooctane sulfonic acid ('PFOS'), and/or contains the precursors of PFOS and PFOA," *id.* ¶ 6; that "PFOA and PFOS are toxic, do not biodegrade, are persistent in the environment, move easily through soil and the groundwater, and pose a significant risk to human health and safety," *id.* ¶ 8; that "PFOA and PFOS are carcinogens associated with a variety of illnesses," that "[t]here is no safe level of PFOA and/or PFOS for humans to ingest," and that "PFOA and PFOS have been classified as hazardous substances by the State of New York," *id.* ¶¶ 10-12; that testing has "confirmed PFOA and PFOS contamination in all three wells at Plaintiff's Well Field #1-Wells 1-1, 1-2, and 1-3," *id.* ¶ 25; and that Plaintiff "has suffered significant injury and damages from the contamination of" the three wells, *id.* ¶ 30. Plaintiff also alleges that "[o]nce PFOS and/or PFOA are applied, discharged, disposed of, or otherwise released onto land, those compounds migrate through the subsurface and into groundwater, resist biodegradation and are extremely costly to remove from potable water supplies." (*Id.* ¶ 54.) Plaintiff's Prayer For Relief includes a request for compensatory damages, punitive damages, "[i]nterest on the damages according to law," "[c]osts, disbursements and attorneys' fees of this lawsuit," and "[a]ny other and further relief as the Court deems just, proper and equitable." (*See id.* at 26-27 (Prayer For Relief).)

24. Plaintiff's allegations of PFOS and PFOA contamination are similar to the allegations in a number of other cases that have been brought against Tyco and various co-defendants, have been identified by defendants as "related" cases, and are currently pending in this Court, all before Judge Seybert. *See Green v. 3M Co.*, No. 2:17-cv-02566;[1] *Singer v. 3M Co.*, No. 2:17-cv-06962; *Suffolk Cnty. Water Auth. v. 3M Co.*, No. 2:17-cv-06982 ("*Suffolk County*"); and *Ayo v. 3M Co.*, No. 2:18-cv-00373.[2] *Singer* and *Ayo* were reassigned to Judge Seybert are related cases.

25. In *Suffolk County*, the Suffolk County Water Authority has asserted substantially similar claims against the very same Defendants as in this action, and affirmatively alleges damages in excess of $75,000. *Suffolk Cnty.*, No. 2:17-cv-06982, ECF No. 1 at ¶ 18.[3]

26. In short, the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

---

[1] *Green* is a putative class action that was removed to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Judge Seybert recently denied the *Green* plaintiffs' motion to remand, adopting the Report and Recommendation of Magistrate Judge Shields. (*See Green*, No. 2:17-cv-02566, ECF Nos. 34, 35.) Judge Seybert has authorized limited discovery, to be completed on or before April 12, 2018, concerning the subject matter jurisdiction issue and directed Plaintiffs to file a letter on or before April 19, 2018 advising the Court whether they intend to renew their motion to remand. (*See id.*, March 19, 2018 Electronic Order (Docket Text).)

[2] Several of the defendants in this case are also defendants in *Ayo*. Unlike in this case, there is no diversity of citizenship in *Ayo*, in which the plaintiffs allegedly are residents of New York and have named Suffolk County itself as a defendant. *Ayo* was removed to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (*See Ayo v. 3M Co.*, No. 2:18-cv-00373, ECF No. 1.) The plaintiffs in *Ayo* have filed a motion to remand, which has now been fully briefed and is still pending. (*See id.*, ECF Nos. 16, 22, 24; *see also* ECF Nos. 31, 37.)

[3] There is significant overlap between the defendants in this case and those in *Ayo*, *Green*, and *Singer* as well.

## **CONCLUSION**

27.     Because there is complete diversity of citizenship between Plaintiff and the Defendants, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this case is subject to removal on diversity grounds.

WHEREFORE, Notice is given that this action is removed from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York.

Dated:  April 3, 2018                                                  Respectfully submitted,

*/s/ Katherine Armstrong*
Sheila L. Birnbaum, Esq.
Mark S. Cheffo, Esq.
Douglas E. Fleming III, Esq.
Katherine Armstrong, Esq.
**QUINN EMANUEL URQUHART &
    SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
sheilabirnbaum@quinnemanuel.com
markcheffo@quinnemanuel.com
douglasfleming@quinnemanuel.com
katherinearmstrong@quinnemanuel.com

*Attorneys for Defendant Tyco Fire
Products, LP*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 3rd day of April, 2018, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL,** with its Exhibits, to be served on counsel of record by FedEx:

Tate J. Kunkle, Esq.
Paul J. Napoli, Esq.
Patrick J. Lanciotti, Esq.
**NAPOLI SHKOLNIK PLLC**
360 Lexington Avenue, 11th Floor
New York, NY 10017
*Attorneys for Plaintiffs*

Ellen Nunno Corbo, Esq.
**TAYLOR COLICCHIO LLP**
100 Canal Pointe Blvd., Suite 210
Princeton, NJ 08540
*Counsel for Defendant,*
*Buckeye Fire Protection Co.*

Jordan D. Sagalowsky, Esq.
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, NY 10020
*Counsel for Defendant,*
*The 3M Company*

Keith E. Smith, Esq.
**GREENBERG TRAURIG LLP**
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
*Counsel for Defendant,*
*National Foam, Inc.*

*/s/ Katherine Armstrong*
Katherine Armstrong